CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUL 14 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| CHRISTOPHER D. ELLIOTT, JR., *Plaintiff,* | CASE NO. 6:10-cv-00032 |
| v. | MEMORANDUM OPINION |
| COMMISSIONER OF SOCIAL SECURITY, *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's letter filed on March 9, 2011 (docket no. 23). In the letter, Plaintiff requests the Court to reconsider its order dated November 12, 2010, denying Plaintiff's motion for judgment against Defendant Social Security Administration for failure to respond to Plaintiff's complaint within the 120-day time period allocated for response. By order dated June 20, 2011, I construed Plaintiff's letter as a motion for reconsideration of the order dated November 12, 2010, and allowed Defendant fourteen days to file a response. Defendant filed a brief opposing Plaintiff's motion on July 5, 2011. For the reasons set forth below, I will deny Plaintiff's motion. An order will follow.

Plaintiff is seeking a judgment of default against Defendant for failure to file a timely answer to his complaint. Under Local Rule 4, Defendant must respond to Social Security disability complaints within 120 days after service of the complaint on the U.S. Attorney. Plaintiff filed a complaint on June 14, 2010. The Clerk of Court issued a summons as to Defendant on June 16. The summons was served on the U.S. Attorney on June 22, making the answer due on October 20.

However, the PACER docket specified that the service was made on July 6, and that the answer was due on November 3. Defendant filed its answer on November 3. That answer was untimely. By letter dated November 5, Plaintiff requested the Court to enter judgment against Defendant. After that motion was denied, the matter proceeded on the merits, and cross-motions for summary judgment were filed and briefed.

Default judgment is appropriate when a defendant has failed to plead or otherwise defend the action. Fed. R. Civ. P. 55. The decision to enter default judgment lies within the sound discretion of the court, *Broglie v. Mackay-Smith*, 75 F.R.D. 739, 742 (W.D. Va. 1977), but default judgment generally is disfavored, *Tazco, Inc. v. Dir., Office of Workers Comp. Programs*, 895 F.2d 949, 950 (4th Cir. 1990). The United States Court of Appeals for the Fourth Circuit has expressed a "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (vacating in part district court order denying motion to set aside entry of default). The disfavor in which such judgments are held is especially strong in situations where, as in the instant case, the defendant is the government. *See* Fed. R. Civ. P. 55(d) (providing that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court"); *Stewart v. Astrue*, 552 F.3d 26, 28 (1st Cir. 2009) (vacating district court order of default because Commissioner of Social Security demonstrated willingness to engage in further proceedings); *Head v. Apfel*, No. 00-1174, 2000 U.S. App. LEXIS 31221, at *4-5, 2000 WL 1786523 (10th Cir. Dec. 6, 2000) (affirming order denying motion for default where government responded to plaintiff's motion for default within two weeks). When the government's default is due to a failure to plead, typically the court will either

refuse to enter a default or will set aside the default. *See Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

I conclude that under the circumstances here, default judgment is not appropriate. Defendant represents that it erred in filing its answer because it relied upon the due date listed on the Court's docket, which incorrectly stated the deadline for responding to the complaint. Defendant's error was due to mistake or inadvertence, not to bad faith. *See Head*, 2000 U.S. App. LEXIS 31221, at *4-5 (crediting government's representation that its failure to plead was due to inadvertent failure to note the answer due date). Moreover, its answer was filed only two weeks late and was filed before Plaintiff requested default judgment. Plaintiff has not been prejudiced by this slightly delayed filing. Defendant's filing of its answer shows that Defendant planned to plead and otherwise defend against the suit. The parties have had the opportunity to present their respective cases to the Court on the substantive merits, and the Court is in a position to decide this case on the merits consistent with the Fourth Circuit's preference that defaults be avoided.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this ___ day of July, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE