CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

AUG 1 9 2011

BY: JULIA DUDLEY, CLERK
DEPUTY CLERK



# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| CHRISTOPHER D. ELLIOTT, JR.,<br>*Plaintiff,*<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>*Defendant.* | CASE NO. 6:10-cv-00032<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on consideration of the parties' cross-motions for summary judgment (docket nos. 18 and 22), the Report and Recommendation ("Report") of United States Magistrate Judge B. Waugh Crigler (docket no. 30), Plaintiff's objections (docket no. 31), and the response (docket no. 32) thereto filed by the Commissioner of Social Security ("Commissioner" or "Defendant"). In his Report, the Magistrate Judge recommends that I grant the Commissioner's motion for summary judgment, affirming the Commissioner's final decision denying Plaintiff's claims for disability insurance benefits and supplemental security income under the Social Security Act (the "Act"). Plaintiff timely filed objections to the Report, obligating the court to undertake a *de novo* review of those portions of the Report to which objections were made. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982).[1] Having conducted such a review, I find that the objections are without merit and that the Magistrate Judge was correct in finding that the

---

[1] The Report was filed on July 15, 2011 and entered on the court's electronic docket on July 18. The Report directed that a copy be mailed to Plaintiff. Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days *after being served* with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." (Emphasis added.) Where service is made by mail pursuant to Rule 5(b)(2)(C), three days are added after the period would otherwise expire. Fed. R. Civ. P. 6(d). Further, service by electronic means through the court's CM/ECF system is the equivalent of service by mail. Local Rule 7(g)(3). Therefore, Plaintiff's

Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet his burden of establishing that he was totally disabled from all forms of substantial gainful employment. Accordingly, for the reasons stated herein, I will overrule Plaintiff's objections and will adopt the Magistrate Judge's Report *in toto*.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff claimed disability since March 1, 1997. After a hearing, the ALJ issued a decision on January 15, 2010 in which he determined Plaintiff suffered the following severe impairments: anxiety, degenerative disc disease, and right knee tendonitis. However, the ALJ determined that Plaintiff did not have an impairment or combination of impairments which met or medically equaled a listed impairment. The ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform unskilled, light work, except that he should not work in a setting that requires contact with the general public. Although Plaintiff was precluded from performing his past work as a truck driver, the ALJ found that Plaintiff could work as an assembler, mail clerk, or an office cleaner, all jobs available in the national economy.

Plaintiff appealed the ALJ's decision to the Appeals Council. On April 24, 2010, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. On June 14, 2010, Plaintiff then filed the instant civil action, seeking judicial review of the Commissioner's final decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the matter to the Magistrate Judge for proposed findings of fact and a recommended disposition. After the parties filed cross-motions for summary judgment, the Magistrate Judge issued his Report, to which Plaintiff timely filed objections.

---

objections, filed on August 2, were timely.

## II. STANDARD OF REVIEW

The Commissioner's factual findings must be upheld if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the ALJ), not the courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The court may not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the court may only consider whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589. However, determining whether the evidence presented by the ALJ to support his decision amounts to substantial evidence is a question of law, and therefore will be considered anew. *Hicks v. Heckler*, 756 F.2d 1022, 1024-25 (4th Cir. 1985), *abrogated on other grounds*, *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988). Furthermore, "ALJs have a duty to

analyze 'all of the relevant evidence' and to provide a sufficient explanation for their 'rationale in crediting certain evidence.'" *Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 190 (4th Cir. 2000) (citations omitted).

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's ruling to the district court within fourteen days of the order. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b). The district court conducts a *de novo* review of those portions of a magistrate's report and recommendation to which specific objections were made. Fed. R. Civ. P. 72(b)(3); *Orpiano*, 687 F.2d at 48.   General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (2008). Those portions of the magistrate judge's report and recommendation to which no objection are made will be upheld unless they are clearly erroneous or contrary to law. *See Orpiano*, 687 F.2d at 47 (citing *Webb v. Califano*, 468 F. Supp. 825, 830 (E.D. Cal.1979)).   The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3).

### III. Discussion

As I have already observed, general objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney*, 539 F. Supp. 2d at 845. Plaintiff's primary objection reiterates arguments already presented. Plaintiff's objection, stated in its entirety, is as follows: "The magistrate judge is only repeating evidence given by consultative exam, not actually treating doctors. [T]hat is very unfair and prejudices me." This objection is merely a restatement of

–4–

Plaintiff's central position in his motion for summary judgment, which was "that the ALJ didn't give me a lot of weight or my doctors treating me in the diagnosis about my chronic stiffness pain in my back and this record reflects that issue. He gives more consideration to the people who don't treat me." It is not the magistrate judge's duty to resolve conflicting evidence, reweigh evidence, or make credibility determinations about the medical opinions in the record. *Hays*, 907 F.2d at 1456. Rather, the court may only consider whether the ALJ's finding is supported by substantial evidence. *Craig*, 76 F.3d at 589. The Magistrate Judge applied the correct standard of review; he did not merely repeat evidence given by consultative exam.

Further review of the record indicates that the Magistrate Judge was correct in concluding that the ALJ's decision is supported by substantial evidence at each step of the sequential evaluation. The findings at steps one and two of the evaluation were favorable to Plaintiff and are not in dispute. At step three, the ALJ found that Plaintiff failed to meet his burden of showing that his knee tendonitis met Listing 1.02 or Listing 1.08 because x-rays showing an anatomical deformity were lacking and the consultative examiner found that he had a normal range of motion in his knee. With regard to Plaintiff's degenerative disc disease, the ALJ found that the requirements of Listing 1.04 were not satisfied because there was no evidence showing nerve root compression accompanied by motor loss, sensory loss, reflex loss, or positive straight leg raising tests in both sitting and supine positions, and there was no evidence of spinal arachnoiditis or stenosis. The ALJ's conclusion that Plaintiff's mental impairment did not meet or equal Listing 12.06 was supported by the opinions of a consultative psychological examiner and a state psychologist and by Plaintiff's own reports about his condition. Similarly, the ALJ's finding that Plaintiff retained the RFC to perform unskilled, light work was supported by the opinions of several medical and mental health professionals. Finally, the

conclusion that jobs were available in the national economy for a person with Plaintiff's RFC and restrictions was supported by the opinion of a vocational expert.

Plaintiff also objects to the Report on the basis that the Magistrate Judge had a "conflict of interest" leading him to represent the Commissioner. Plaintiff does not identify the supposed conflict of interest nor does he provide reason to believe the Magistrate Judge has any conflict or bias in favor of Defendant. The Magistrate Judge's analysis was thorough and based on the evidence of record and the relevant law and not on any predisposition to favor the Commissioner's position.

Finally, Plaintiff objects to the order I issued on July 14, 2011, denying Plaintiff's request for a default judgment against the Commissioner for failure to file a timely answer to his complaint. This is not an objection to the Magistrate Judge's Report and is therefore improperly lodged. Even if I were to construe it as a motion for reconsideration of that order, Plaintiff has not advanced any grounds for granting the motion. A motion to reconsider is inappropriate where it merely reiterates previous arguments. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (denying a motion to reconsider that improperly "ask[ed] the Court to rethink what the Court had already thought through—rightly or wrongly"); *accord Univ. of Va. Patent Found. v. Gen. Elec. Co.*, 755 F. Supp. 2d 738, 744 (W.D. Va. 2011). My denial of the request for a default judgment was a proper exercise of my discretion to avoid default in this matter and dispose of the claims on their merits.

## IV. CONCLUSION

Having undertaken a *de novo* review of that portion of the Report to which specific objection was made, I find that Plaintiff's objections are without merit. Furthermore, my review of the record

indicates that the Magistrate Judge was correct in finding that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet his burden of establishing that he was totally disabled from all forms of substantial gainful employment. Accordingly, I will enter an order overruling Plaintiff's objections, adopting the Magistrate Judge's Report *in toto*, granting the Commissioner's motion for summary judgment, denying Plaintiff's motion for summary judgment, and dismissing this action and striking it from the active docket of the court.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record and to United States Magistrate Judge B. Waugh Crigler. The Clerk shall mail a copy to Plaintiff.

Entered this _19th_ day of August, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE